**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ERIK W. TRACZYK** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-10426** |
| | **C/W NO. 18-785** |
| **WARDEN DARRYL VANNOY** | **SECTION: "J"(1)** |

## REPORT AND RECOMMENDATION

These matters were referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that the matters can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that, *unless petitioner amends his federal petitions to omit any and all unexhausted claims,* his petitions be **DISMISSED WITHOUT PREJUDICE**.

Petitioner, Erik W. Traczyk, is a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. The state court records concerning his conviction and sentence total several thousand pages, with extensive pretrial litigation concerning a multitude of issues including, but not limited to, his sanity at the time of his offense and his competence to stand trial.

On February 2, 2015, the Louisiana Fourth Circuit Court of Appeal succinctly summarized petitioner's crime and the resulting criminal proceedings as follows:

> On August 15, 2007, at about 9:00 p.m., Nia Robertson ("Robertson") was socializing with friends at Pal's Bar on N. Rendon Street in New Orleans. Erik Traczyk was also at the bar, speaking to Karen Robichaux, his landlord/employer, about reconsidering her decisions to evict him and terminate his employment. She refused his requests.

As Traczyk was leaving the bar, he stabbed Dr. Ryan Pasternak, another patron, in the head. Traczyk continued toward the door, and just before exiting, he grabbed Robertson by her head and sliced her throat from ear to ear, nearly decapitating her. Then, he walked out of the bar toward his apartment three blocks away, where he was arrested within minutes of the stabbings.

The State indicted Traczyk for the first degree murder of Robertson. Traczyk entered a dual plea of not guilty and not guilty by reason of insanity.

The only issue at trial was whether the facts indicated that because of mental disease or defect, Traczyk was incapable of determining right from wrong at the time of the murder. La. R.S. 14:14.

At the conclusion of the eight day trial, the jury rendered a unanimous verdict of guilty as charged, and the court sentenced Traczyk to life imprisonment without benefit of parole, probation or suspension of sentence.

After an exhaustive review of the evidence and petitioner's direct-review claims, the Court of Appeal then affirmed his conviction and sentence.[1] His related writ applications were likewise denied by the Louisiana Supreme Court on February 5, 2016,[2] and by the United States Supreme Court on October 3, 2016.[3]

On October 2, 2017, petitioner filed a largely incomprehensible federal application seeking habeas corpus relief which was docketed as Civil Action No. 17-10426.[4] He then later filed another similarly incomprehensible habeas corpus application which was separately docketed as Civil Action No. 18-785.[5] Because both applications challenged the same state court judgment, the Court consolidated the two cases.

In its response, the state argues that the Court should dismiss both applications because, *inter alia*, petitioner failed to fully exhaust his remedies in the state courts.[6] It is black letter law that, "[b]efore seeking a federal writ of habeas corpus, a state prisoner must exhaust available state

---

[1] State v. Traczyk, No. 2013-KA-1191, 2015 WL 447692 (La. App. 4th Cir. Feb. 2, 2015); Supplemental State Rec., Vol. 1 of 1.
[2] State v. Traczyk, 186 So. 3d 1161 (La. 2016); State Rec., Vol. 34 of 34.
[3] Traczyk v. Louisiana, 137 S. Ct. 141 (2016).
[4] Rec. Doc. 1 (Civ. Action No. 17-10426). He thereafter repeatedly supplemented that application with various filings. Rec. Docs. 10, 11, 13, 15, 16, 22, and 27 (Civ. Action No. 17-10426).
[5] Rec. Doc. 1 (Civ. Action No. 18-785).
[6] Rec. Doc. 34 (Civ. Action No. 17-10426).

remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quotation marks omitted).  For that requirement to be satisfied, a federal petitioner must have provided the state's highest court with "a fair opportunity to pass upon the claim" by presenting the claim to that court in a procedurally proper manner according to state court rules.  Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988) (quotation marks omitted).

Moreover, it is clear that the exhaustion requirement must be met with respect to *each and every claim* in a petitioner's federal application.  See Rose v. Lundy, 455 U.S. 509, 520 (1982) ("[O]ur interpretation of §§ 2254(b), (c) provides a simple and clear instruction to potential litigants:  before you bring any claims to federal court, be sure that you first have taken *each one* to state court." (emphasis added)).  If a petitioner's federal application contains both exhausted and unexhausted claims, then the application is considered a "mixed" petition subject to immediate dismissal.  See id. at 522 ("[B]ecause a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims."); see also Pliler v. Ford, 542 U.S. 225, 230 (2004) ("Under Rose, federal district courts must dismiss mixed habeas petitions."); Alexander v. Johnson, 163 F.3d 906, 908 (5th Cir. 1998) ("A habeas petition containing both exhausted and unexhausted claims is a 'mixed' petition which should be dismissed without prejudice.").

Therefore, when faced with what appears to be a mixed petition, a court normally first attempts to identify each claim being asserted in the federal application and then next determines whether each of those claims was fairly presented to the state's highest court.  Unfortunately, that approach simply is not feasible here because, due to the rambling nature of petitioner's voluminous

filings, it is virtually impossible to discern with any degree of certainty precisely what claims he is attempting to assert in these proceedings.

Accordingly, in the instant case, the Court will instead use an alternative approach. First, the Court will determine which claims petitioner fairly presented to the Louisiana Supreme Court, because only those claims can even arguably be considered exhausted. Second, the Court will then determine whether petitioner's federal applications assert any *other* claims – if so, then those other claims, whatever they may be, are necessarily unexhausted. See Richard v. Cain, Civ. Action No. 14-2513, 2016 WL 1445181, at *2-4 (E.D. La. Apr. 13, 2016) (holding that where petitioner presented only one of his claims to the Louisiana Supreme Court, his remaining claims were necessarily unexhausted).

One caveat, especially important in the instant case, must be noted: Presentation of a claim in only a *pretrial* writ application, even one filed with Louisiana Supreme Court, does not normally suffice to satisfy the federal exhaustion requirement. That general rule is based on the fact that the Louisiana Supreme Court's denial of a pretrial writ application is usually nothing more than a decision not to intervene in the matter *at that stage of the proceedings*; a petitioner remains free to assert his claim again, if necessary, on direct review *after* a verdict is reached. See State v. Fontenot, 550 So.2d 179 (La. 1989) ("A denial of supervisory review is merely a decision not to exercise the extraordinary powers of supervisory jurisdiction, and it does not bar consideration on the merits of the issue denied supervisory review, when appeal is taken from final judgment."); accord State v. Lee, 976 So. 2d 109, 140 (La. 2008) ("[T]his Court's pre-trial writ denial does not preclude reconsideration of the issue on the basis of the full trial record."). Accordingly, the assertion of a claim in an unsuccessful pretrial writ application generally will not suffice to constitute exhaustion of the claim for federal purposes. See Sam v. Louisiana, Civ. Action No.

4

08-5064, 2009 WL 2356669, at *12 n.70 (E.D. La. July 29, 2009) ("The United States Supreme

Court has held that denial of a state pretrial application for review without an adjudication of the

merits does not serve to exhaust available state remedies."), aff'd, 409 Fed. App'x 758 (5th Cir.

2011); see also Pitchess v. Davis, 421 U.S. 482, 488 (1975) ("[D]enial of an application for an

extraordinary writ by state appellate courts did not serve to exhaust state remedies where the denial

could not be fairly taken as an adjudication of the merits of claims presented, and where normal

state channels for review were available.  In the instant case, denial by state appellate courts of

respondent's [pretrial] applications cannot be fairly taken to be an adjudication of the merits of his

claim and full post-trial appellate review is available if respondent is convicted.  On these facts,

the denial of respondent's applications did not serve to exhaust his available state remedies.").

Therefore, although numerous pretrial writ applications were filed in state court proceedings by

both petitioner and the state, *only one* of those pretrial writ applications, discussed below, is

arguably relevant for exhaustion purposes.

The relevant pretrial writ application is the one addressing a defense motion to recuse the

trial judge.  The state district court had granted that motion,[7] and the Louisiana Fourth Circuit

Court of Appeal then denied the state's related writ application.[8]    However, the Louisiana

Supreme Court thereafter granted the state's writ application, finding that "[t]he reasons cited by

the district court are inadequate" and vacated the recusal.[9]  Because the Louisiana Supreme Court

granted the writ application and addressed petitioner's recusal claim on the merits, that claim is

---

[7] State Rec., Vol. 32 of 34, Judgment dated November 2, 2011.
[8] State v. Traczyk, No. 2011-K-1690 (La. App. 4th Cir. Dec. 2, 2011); State Rec., Vol. 32 of 34.
[9] State v. Traczyk, 78 So.3d 741 (La. 2012); State Rec., Vol. 32 of 34.

arguably exhausted for federal purposes despite the fact that it was presented only in a pretrial writ application.[10]

In addition, this Court must also consider petitioner's *post-trial* Louisiana Supreme Court writ application, i.e. the direct-review writ application filed by counsel in Case No. 2015-K-0581. In that application, petitioner sought review of the following four claims which had been denied by the Louisiana Fourth Circuit Court of Appeal on direct appeal:

(1)      Petitioner was denied his right to present a defense;

(2)      The trial court misapplied the law in admitting jailhouse call recordings offered by

the state as rebuttal;

---

[10] The state argues, however, that the federal recusal claim presented to this Court is nevertheless unexhausted because it is in actuality a different claim than the one presented to the state courts. The state contends that petitioner argued to the state courts only that recusal was warranted under *state* law, a claim which, even if exhausted, would not be cognizable on federal habeas review. See 28 U.S.C. § 2254 (a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"); Engle v. Isaac, 456 U.S. 107, 119 (1983) ("Insofar as respondents simply challenge [the state courts' application of state law], they allege no deprivation of federal rights and may not obtain habeas relief.").

It is true that assertion of a state law claim in the state courts does not suffice to constitute exhaustion of a separate and distinct, albeit similar, federal claim. Rather, "federal constitutional claims must have been presented to and considered by the state courts *in a federal constitutional framework* before resort can be made to federal courts. It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made." Yohey v. Collins, 985 F.2d 222, 226 (5th Cir. 1993) (emphasis added; citation and quotation marks omitted). "That is to say, the claim must either be framed in terms so particular as to call to mind a specific right protected by the Constitution, or allege a pattern of facts that is well within the mainstream of constitutional litigation." Scott v. Hubert, 635 F.3d 659, 667 (5th Cir. 2011) (quotation marks and brackets omitted).

The state correctly argues that, although references to federal law were made to the state courts in connection with the recusal claim, the claim was primarily asserted in a state law framework. The state also correctly argues that brief references to federal law are normally insufficient to "fairly present" a federal claim to the state courts. See Wilder v. Cockrell, 274 F.3d 255, 260 (5th Cir. 2001) ("A fleeting reference to the federal constitution, tacked onto the end of a lengthy, purely state-law … argument, does not sufficiently alert and afford a state court the opportunity to address an alleged violation of federal rights. Moreover, to hold that vague references to such expansive concepts as due process and fair trial fairly present, and therefore exhaust, federal claims is to eviscerate the exhaustion requirement."). However, the application of that rule is imprecise, and the United States Supreme Court has indicated that, in actuality, very little is required to preserve a federal claim. See Baldwin v. Reese, 541 U.S. 27, 32 (2004) ("A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'"). Therefore, out of an abundance of caution, the undersigned will consider petitioner's recusal claim as federal *at least in part* and will consider the claim exhausted.

(3)     Petitioner was denied his constitutional right to confront the evidence against him presented by the jailhouse calls because the state presented the calls during rebuttal; and

(4)     The trial court misapplied the law by admitting two items of inflammatory and irrelevant evidence, namely the victim's mother's witness impact statement requesting that the jury impose the harshest penalty and the victim's autopsy photographs.[11]

The Louisiana Supreme Court's decision denying that post-trial writ application is considered a final adjudication of those four claims and, therefore, those claims are likewise considered exhausted.

Accordingly, in summary, the undersigned finds that *only* five of petitioner's claims are even arguably exhausted for federal purposes:  the recusal claim and the four direct-review claims. However, in addition to those five claims, petitioner is obviously attempting to assert various other unexhausted claims in his voluminous federal filings including, but not limited to, several ineffective assistance of counsel claims.[12]  Petitioner's federal applications therefore assert both exhausted and unexhausted claims, and, as a result, the applications are "mixed" petitions subject to immediate dismissal on that basis.

---

[11] In its response, the state argues that the first and third of those four claims are not included in the instant petition and, therefore, the fact that they are exhausted is immaterial.  Rec. Doc. 34, p. 8.  That may well be true; however, because petitioner's federal filings are virtually impossible to decipher, the court will simply assume for the purposes of this decision that all four of the claims, *at least to the extent that they are intended to be identical to the claims asserted in the state courts*, are asserted herein out of an abundance of caution.

    The state also argues that the fourth claim is premised on state, not federal, law.  However, that argument concerns cognizability rather than exhaustion.  The claim's cognizability will be considered later in this proceeding, if petitioner first remedies the exhaustion problem identified herein.

[12] For example, in its response, the state lists numerous other claims it has identified in petitioner's federal applications. Rec. Doc. 34, pp. 4-5.  However, the Court cannot say with any degree of certainty whether even that long list of claims actually captures *all* of the allegations in petitioner's rambling pleadings that might fairly be construed as claims for relief.

That said, the undersigned notes that petitioner has an alternative which would allow him to avoid such a dismissal if he desires.  Because the five claims identified herein as being exhausted are ripe for federal review, petitioner may choose to file an **amended and superseding petition** asserting **only those five claims**.  See Rose v. Lundy, 455 U.S. 509, 520 (1982) ("Those prisoners who … submit mixed petitions … are entitled to resubmit a petition with only exhausted claims …."); see also Neslo v. Cain, No. 97-31025, 1998 WL 546499 (5th Cir. Aug. 10, 1999); Walker v. Vannoy, Civ. Action No. 15-6809, 2016 WL 1705085, at *2 (E.D. La. Apr. 4, 2016); Williams v. Tanner, Civ. Action No. 14-2963, 2015 WL 5307730 (E.D. La. Sept. 10, 2015).[13]  *If petitioner elects to file a motion for leave to amend his federal petition in that manner after receiving this Report and Recommendation,* it is recommended that the motion be granted and that this matter be recommitted to the undersigned United States Magistrate Judge for consideration of **those five claims**.  See Richard v. Vannoy, Civil Action No. 16-2447, 2016 WL 3950762, at *3-4 (E.D. La. June 29, 2016), adopted, 2016 WL 3902593 (E.D. La. July 19, 2016).[14]

*On the other hand, if petitioner elects not to amend his application in the foregoing manner,* then the undersigned instead recommends that the instant petitions be dismissed without prejudice for the reasons stated herein.

---

[13] **If petitioner chooses that alternative, it would be sufficient, given his inability to express himself clearly and concisely, for his amended and superseding petition simply to state that he is asserting only the recusal claim and the four claims he asserted and exhausted on direct appeal – such a statement would adequately alert the Court to the nature of his claims without risking extraneous statements or allegations which could, once again, potentially cause exhaustion problems.**

[14] **Petitioner is hereby expressly advised that a federal court will normally entertain only one federal habeas corpus petition challenging a conviction.  Therefore, if he elects to proceed to review of his five exhausted claims at this time, he may well be precluded from seeking review of his unexhausted claims in a future federal application.**  See 28 U.S.C. § 2244.

## RECOMMENDATION

It is therefore **RECOMMENDED** that, *unless petitioner amends his federal applications to omit any and all unexhausted claims*, the applications be **DISMISSED WITHOUT PREJUDICE** as mixed petitions.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[15]

New Orleans, Louisiana, this sixth day of July, 2018.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**

---

[15] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.